IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDY WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-905-M |
| | § | |
| MICHAEL MILLIGAN, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion for Summary Judgment, filed May 19, 2006.

Plaintiff did not respond to the Motion. The Court **GRANTS** the Motion.

FACTUAL BACKGROUND

This lawsuit stems from events of May 2, 2002. At about 10:30 p.m., Defendant Michael

Milligan, a police officer for the City of Dallas, responded to a request by Sr. Corporal Albert

Wagner, III, and Sr. Corporal Jeffery Eggleston, who were working undercover with the street

crimes unit, to investigate a possible drug transaction in an area known for drug activity. *See*

Def. App. at 001.[1] Kimberley Filippini, another Dallas police officer, met Milligan at the scene.

*Id.* Wagner and Eggleston informed Milligan and Filippini that they saw two men engaged in

what appeared to be a drug transaction, with one of the men sitting inside a vehicle parked in

front of a closed business near 9400 Larga Drive, Dallas. *Id.* at 001-002. Based on this

---

[1] Milligan's Affidavit is the only exhibit in Defendant's Appendix.

information, Milligan and Filippini approached the vehicle to investigate. *Id.* Plaintiff Andy

Williams was seated in the front passenger's seat.

While Milligan asked the driver, Nelson Vasquez,[2] for his license, Filippini asked

Williams to identify himself. According to Milligan, Williams said his name was "Derrick

Howard." *See* Def. App., p. 002. Williams was not identified until Vasquez provided Milligan

and Filippini with his true name. *Id.* Filippini then ran a background check of Williams's name

in the police database and discovered that Williams had an outstanding warrant from the United

States Marshals' Service. *Id.* Milligan then arrested Williams. *Id.*

After the police handcuffed Williams, he became agitated, loud, and verbally abusive

toward both Milligan and Filippini, calling both officers, "prejudiced racists who were only

arresting him because he was black." *See* Def. App. at 002. As Milligan escorted Williams to

his squad car, Williams pulled away and began to walk toward the opposite side of the car.

Milligan then pulled him "back into an escort position," informing Williams that he would be

riding in the front right side of the vehicle. *Id.*

In an effort to make Williams sit back in the seat so that he could fasten Williams's

seatbelt, Milligan states that he placed his left forearm across Williams' chest. *See* Def. App. at

002. As Milligan was trying to fasten the seatbelt, Williams shouted, "Nelson, they're choking

me. Nelson you watch and you're my witness." *Id.* Milligan took Williams to the Lew Sterrett

_____

[2] In his original Complaint, Williams referred to the driver as "Nelson Garrett," his tax
accountant. *See* Plaintiff's Original Complaint ("Pl. Orig. Compl."), dated May 29, 2002, at 1.
In his affidavit, Milligan states that he "later came to know" the driver as Nelson Vasquez. *See*
Def. App. at 001.

Jail. While en route, Williams referred to him using racial slurs,[3] and told him that he and his

"business man witness would get [Milligan] fired." *Id.*  At the jail, Williams complained that he

was injured. Milligan took him to the medical unit. According to Milligan, the examining nurse

at the jail said that she did not see any such injuries.[4]  *Id.*

Williams brings claims under 42 U.S.C. § 1983,[5] alleging deprivations of his

constitutional rights guaranteed by the First, Fourth, Fifth and Fourteenth Amendments to the

U.S. Constitution.[6]  Specifically, Williams alleges that (1) Milligan engaged in racial profiling,

violating the Fourteenth Amendment; (2) Milligan used excessive force while arresting him,

violating the Fourth Amendment;[7] and (3) Milligan verbally assaulted him.  *See* Plaintiff's

Amended Complaint ("Pl. Compl.") at 1.  Milligan filed his Motion for Summary Judgment on

---

[3] In his affidavit, Milligan testified that Williams referred to him using racial slurs, but did not specify any further details.

[4] In his affidavit, Milligan testified that the examining nurse at Lew Sterrett stated that she did not see any of the marks or swelling about which Williams complained.

[5] Williams originally brought the same claims against Milligan, the City of Dallas Police Department and an unidentified female police officer. However, on September 16, 2004, the Court summarily dismissed the claims against the Police Department and the unidentified female officer. *See Williams v. City of Dallas Police Department*, 3:04-CV-0905-M (N.D. Tex. Sept. 16, 2004).

[6] In his Motion, Milligan did not address Williams's claims based on the First and Fifth Amendments.

[7] Since Plaintiff's claims are expressly brought pursuant to 42 U.S.C. § 1983, the Court interprets Plaintiff's allegation that Milligan "assaulted" him under § 1983 rather than under state law.  The Court further construes Williams's claim as one of excessive force under the Fourth Amendment.

May 19, 2006. Williams did not respond.[8]

## STANDARD OF REVIEW

Summary judgment is warranted when the facts, as reflected in the pleadings, affidavits, and other summary judgment evidence, show that no reasonable trier of fact could find for the nonmoving party as to any material fact and that the law mandates summary judgment as a result. *Pourgholam v. Advanced Telemktg. Corp.*, No. 3:01-CV-2764-H, 2004 U.S. Dist. LEXIS 10659, at *2-3 (N.D. Tex. June 9, 2004) (*citing* Fed. R. Civ. P. 56; *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, (1986)). "The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir.1998) (*citing Celotex*, 477 U.S. at 322-25). Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate. *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir.1991).

The nonmovant is then required to go beyond the pleadings and designate specific facts that prove the existence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith*

---

[8] Williams's failure to respond to the Motion does not alone support the granting of the Motion. Milligan must still establish the absence of genuine issues of material fact. *See United States v. Valdez,* C-05-330, 2005 U.S. Dist. LEXIS 30877, at *2 n.1 (S.D. Tex. Nov. 18, 2005) (*citing Eversley v. Mbank Dallas,* 843 F.2d 172, 174 (5th Cir. 1988); *John v. Louisiana,* 757 F.2d 698, 709 (5th Cir. 1985)); *see also Erickson v. Baylor Inst.,* 3:04-CV-1433-M, 2006 U.S. Dist. LEXIS 3695, at *2 n.1 (N.D. Tex. Jan. 26, 2006) (Lynn, J.).

*Radio Corp.*, 475 U.S. 574, 587 (1986). That party may not rest on conclusory allegations or denials in its pleadings that are unsupported by specific facts. Fed.R.Civ.P. 56(e). The court must review all evidence in the record, giving credence to evidence favoring the nonmovant as well as "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses" and disregarding the evidence favorable to the nonmovant that the jury is not required to believe. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 152 (2000). Further, "the court must draw all justifiable inferences in favor of the nonmovant." *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 338 (5th Cir.2005).

In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that a controversy exists." *Lynch Props.*, 140 F.3d at 625. "If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Friou v. Phillips Petroleum Co.*, 948 F.2d 972, 974 (5th Cir.1991). However, in the absence of proof, a court will not conclude that the nonmoving party could prove the required facts. *Lynch Props.*, 140 F.3d at 625.

## ANALYSIS

A private right of action may be asserted against police officers who violate federal constitutional or statutory rights while acting under color of state law.  42 U.S.C. § 1983; *see also Willmon v. Daniel,* 3:05-CV-1391-M, 2006 U.S. Dist. LEXIS 40658, at *5 (N.D. Tex. June 19, 2006) (Lynn, J.).  Here, Williams alleges that Milligan's actions deprived him of freedom

from racial profiling, freedom from excessive force, and freedom from verbal abuse.  Milligan

moves for summary judgment on these claims, arguing that he is entitled to qualified immunity,

and thus shielded from liability.

A two-prong inquiry is required in analyzing a qualified immunity defense: (1) "whether

the facts alleged, taken in a light most favorable to the party asserting the injury, show that the

officer's conduct violated a constitutional right"; and (2) if the allegations demonstrate a

constitutional violation, whether it would have been "clear to a reasonable officer that his

conduct was unlawful in the situation confronted." *Keenan v. Tejeda,* 290 F.3d 252, 261 (5th

Cir. 2002) (*citing Saucier v. Katz,* 533 U.S. 194, 201 (2001)).  Thus, an official is entitled to the

defense of qualified immunity "insofar as [his] conduct does not violate clearly established

statutory or constitutional rights of which a reasonable person would be aware." *Harlow v.*

*Fitzgerald,* 457 U.S. 800, 818 (1982).

The Supreme Court in *Saucier v. Katz* explained that courts must consider the

requirements of qualified immunity in the proper sequence. *See* 533 U.S. at 201 (2001).  The

Court must first determine at the outset whether the factual allegations, viewed in a light most

favorable to the Plaintiff, reveal a constitutional violation. *Id.*  If the facts alleged do not reveal

such a violation, the Court will not proceed to the second step in the analysis. *Id.*


*a. Racial Profiling Claim*

Williams alleges that Milligan engaged in racial profiling.  To succeed on his claim of

racial profiling, Williams "must demonstrate that the defendant's actions had a discriminatory

effect and were motivated by a discriminatory purpose." *Marshall v. Columbia Lea Reg'l Hosp.,*

345 F.3d 1157, 1168 (10th Cir. 2003) (citing *United States v. Armstrong*, 517 U.S. 456, 465 (1996)).

Milligan argues that his actions were not motivated by a discriminatory purpose. In his affidavit, Milligan establishes that Williams was approached by Milligan because he was suspected of engaging or having engaged in a drug transaction in an area known for high drug activity, not because of his race. *See* Def. App. at 002. The affidavit also states that Williams was arrested for no other reason than that there was an outstanding warrant for his arrest. *Id.* Williams must now designate specific facts that prove that Milligan's arrest was motivated by a discriminatory purpose. *See Matsushita,* 475 U.S. at 587. Williams failed to respond to the Motion and obviously did not prove any such facts.[9]

Because Williams has failed to establish that Milligan's actions were motivated by a discriminatory purpose, his constitutional claim of racial profiling fails as a matter of law. The Court **GRANTS** Defendant's Motion for Summary Judgment as to Plaintiff's claim of racial profiling.

*b. Excessive Force Claim*

Williams alleges that Milligan used excessive force. To succeed on his excessive force claim, a plaintiff bears the burden of demonstrating that he suffered: (1) an injury, (2) which

---

[9] Williams's unsworn pleadings do not constitute proper summary judgment evidence. *See Diamond Offshore Co. v. A&B Builders, Inc.,* 302 F.3d 531, 545 (5th Cir. 2002) (*citing King v. Dogan,* 31 F.3d 344, 346 (5th Cir. 1994); *Johnston v. City of Houston,* 14 F.3d 1056, 1060 (5th Cir. 1994). Therefore, the Court does not consider Williams's Complaint in assessing whether the record evidence creates a genuine issue of material fact sufficient to survive Milligan's Motion for Summary Judgment.

resulted directly and only from the use of force that was clearly excessive to the need, and (3) the

force used was objectively unreasonable. *Goodson v. City of Corpus Christi,* 202 F.3d 730, 740

(5th Cir. 2000) (*quoting Williams v. Bramer,* 180 F.3d 699, 703 (5th Cir.1999)). The injury need

not be significant, but the plaintiff must have "suffered at least some form of injury." *Williams,*

180 F.3d at 703 (citing *Jackson v. R.E. Culbertson,* 984 F.2d 699, 700 (5th Cir. 1993)).

Milligan argues that he did not use force that was clearly excessive to the need or

objectively unreasonable when arresting Williams. Milligan's affidavit establishes that the use of

force, if any, was neither clearly excessive to the need nor objectively unreasonable. Milligan

testified that at no time did he attack, abuse, beat, jerk, or choke Williams. *See* Def. App. at 003.

Milligan testified that he only came into physical contact with Williams when he escorted him to

the squad car and when he placed his left forearm across Williams's chest so that he could fasten

the seatbelt. *Id.* Williams now must designate specific facts that prove that Milligan used force

that was clearly excessive to the need and objectively unreasonable. *Matsushita,* 475 U.S. at

587. Williams failed to respond to the Motion and, as a result, did not present any such facts.

Because Williams has failed to present any facts showing that he suffered an injury

resulting from force that was clearly excessive to the need and objectively unreasonable, his

constitutional claim of excessive force fails as a matter of law. The Court **GRANTS**

Defendant's Motion for Summary Judgment as to Plaintiff's claim of excessive force.

### c. *Verbal Assault Claim*

Williams alleges in his Complaint that Milligan verbally assaulted him. Milligan argues

that Williams cannot, as a matter of law, establish the violation of a constitutional right based on

verbal assault. The Court agrees. Verbal abuse by a police officer is not sufficient to state a constitutional claim under § 1983. *Bender v. Brumley,* 1 F.3d 271, 274 (5th Cir. 1993) (citing *McFadden v. Lucas,* 713 F.2d 143, 146 (5th Cir. 1983), *cert. denied,* 464 U.S. 998 (1983)) (holding that, as a general rule, threatening language and accompanying gestures, even if true, do not constitute a constitutional violation). The Court therefore **DISMISSES** with prejudice Plaintiff's claim of verbal assault.

### d. Claims Based on the First and Fifth Amendments

Williams alleges that Milligan's conduct deprived him of rights guaranteed by the First and Fifth Amendments. Although Milligan did not address Williams's claims alleging deprivations of First and Fifth Amendment rights in his Motion, the Court is authorized to consider the sufficiency of Williams's Complaint on its own initiative. *See Guthrie v. Tifco Indus.,* 941 F.2d 374, 379 (5th Cir. 1991); *see also Elmo v. S. Foods Group,* 3:04-CV-301-M, 2006 WL 14200777, at *3 (N.D. Tex. May 23, 2006) (Lynn, J.).

Williams failed to identify the rights guaranteed by the First and Fifth Amendments of which he was deprived and to assign any evidentiary detail to those allegations. Such failings support dismissal of these claims. The broad reading of a pro se plaintiff's complaint does not relieve the plaintiff of the burden of alleging specific facts on which a recognized legal claim could be based. *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A plaintiff must plead minimal factual allegations on those material elements that must be proved in order to withstand a dismissal for failure to state a claim. *See Hall,* 935 F.2d at 1110. Therefore, the Court *sua sponte* **DISMISSES** without prejudice Plaintiff's claims alleging deprivations of his

First and Fifth Amendment rights.

CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion for Summary

Judgment, and **DISMISSES** with prejudice Plaintiff's claims based on racial profiling, excessive

force, and verbal assault.  The Court *sua sponte* **DISMISSES** without prejudice Plaintiff's

§ 1983 claims based on the First and Fifth Amendments.

SO ORDERED.

July **6** , 2006.

BARBARA M.G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS